IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STOCKART.COM, LLC, | * |
| Plaintiff, | * |
| v. | * |
| | Civil Action No. RDB 05-2509 |
| CARAUSTAR CUSTOM PACKAGING GROUP, Inc. *et al.*, | * |
| | * |
| Defendants. | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Stockart.com, LLC, ("Plaintiff" or "Stockart") brings this single-count action for copyright infringement under 17 U.S.C. §§ 101 *et seq*. Stockart has named as defendants Caraustar Custom Packaging Group (Maryland), Inc. ("Caraustar (Maryland)"), its parent company Caraustar Custom Packing Group, Inc. ("Caraustar (Ohio)"), Acme Paper and Supply Co., Inc. ("Acme"), and "John Does 1-500".

Pending before this Court are four motions: (i) Caraustar (Maryland and Ohio)'s Re-Submitted Motion to Dismiss, Transfer, or Stay Proceedings (Paper No. 28), (ii) Stockart's Motion for Discovery, For Leave to Take Discovery to Identify Parties (Paper No. 32); (iii) Caraustar (Maryland and Ohio)'s Motion to Strike Plaintiff's Surreply (Paper No. 24); and (iv) Stockart's Motion for Leave to File Document 18 And Plaintiff's Opposition to Defendants' Motion to Strike Document 18 (Paper No. 29). This Court has jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1338. No hearing is necessary on these motions. *See* Local Rule 105.6 (D. Md. 2004). For the following reasons, the Re-Submitted Motion to Dismiss, Transfer, or Stay is

1

DENIED in part and GRANTED in part, the Motion for Discovery is DENIED with leave to re-file, and the remaining motions are MOOT.

## BACKGROUND

Stockart is a Colorado limited liability corporation engaged in online image licensing. (*See* Am. Compl. ¶ 7.) Caraustar (Ohio) is in the business of digital imaging and package design. (*See* Am. Compl. ¶ 11.) Its subsidiary, Caraustar (Maryland), manufactures and sells paper products. (*See* Am. Compl. ¶ 12.) On March 18, 2003, Stockart claims that Caraustar (Ohio) impermissibly obtained possession of one of Stockart's copyrighted images, "Pizza Man Image JJOAO602". (*See* Am. Compl. ¶ 11.) Stockart contends that Caraustar (Ohio) distributed the copyrighted image to Caraustar (Maryland) to use for pizza boxes that Caraustar (Maryland) manufactured and sold to Acme and other unnamed defendants. (*See* Am. Compl. ¶¶ 15-16.) These unknown defendants and Acme, in turn, allegedly re-sold the offending boxes. (*See* Am. Compl. ¶ 14.)

On April 1, 2005, Plaintiff's counsel contacted Caraustar (Maryland) to inquire about the offending pizza boxes. (*See* Am. Compl. ¶ 19.) Five months of ultimately unsuccessful settlement discussions followed. (*See* Am. Compl. ¶ 19.) On approximately August 24, 2005, Stockart informed Caraustar (Maryland) of its intent to file suit in this Court. (*See* Mem. Supp. Opp. Defs.' Re-Submitted Mot. Dismiss p. 2.)

On August 31, 2005—before Stockart filed the present action—Caraustar (Maryland) filed an action in the United States District Court for the Western District of North Carolina, where Caraustar claimed to sell pizza boxes bearing the Pizza Man image (the "North Carolina Action"). (*See* Defs.' Mot. Dismiss, Ex. A. p. 1.) Caraustar (Maryland) requested declaratory

relief in the North Carolina Action and, specifically, sought to invalidate Stockart's copyright for "Pizza Man Image JJOAO602". (*See* Defs.' Mem. Supp. Re-Submitted Mot. Dismiss p. 1.) On February 13, 2006, default judgment was entered against Stockart in the North Carolina Action. (*See* Paper No. 34.)

According to this Court's independent review of the docket sheet for the North Carolina Action, on March 2, 2006, Stockart filed a Motion to Set Aside Default and to Dismiss or Transfer, and Opposition to Motion for Default Judgment. The issue of the validity of the default judgment has been fully briefed and Stockart's motion in the North Carolina Action remains pending at this time.

On September 6, 2005, shortly after Caraustar (Maryland) filed its Complaint in North Carolina, Plaintiff filed its single-count Complaint in this Court against Caraustar (Ohio), Caraustar (Maryland), and unnamed "John Doe" defendants, claiming copyright infringement under 17 U.S.C. §§ 101 *et seq*. On October 4, 2005, Caraustar (Maryland) and Caraustar (Ohio) filed a Motion to Dismiss, Transfer, or Stay Proceedings. That issue was fully briefed by the parties. Before Caraustar's Motion to Dismiss, Transfer, or Stay was decided, however, this Court granted Stockart's Motion to Amend its Complaint to add Acme as a Defendant. (*See* Order, Paper No. 25.) Acme was served process on December 1, 2005. (*See* Affidavit of Service for Amended Complaint, Paper No. 31.) To date, this Court has received no answer from Acme. On December 7, 2005, Caraustar (Maryland and Ohio) filed a Re-Submitted Motion to Dismiss, Transfer, or Stay Proceedings, re-iterating their arguments from the previously filed Motion. Finally, on January 24, 2006, Stockart filed a Motion for Discovery, For Leave to Take Discovery to Identify Parties.

3

**DISCUSSION**

Resolution of the pending Motion to Set Aside Default in the North Carolina Action will significantly impact the action pending in this Court and must be considered in deciding Caraustar (Maryland and Ohio)'s Motion to Dismiss, Transfer, or Stay Proceedings.  In granting or denying a motion to stay proceedings, a court must "balance the various factors relevant to the expeditious and comprehensive disposition" of proceedings on the court's docket.  *United States v. Georgia Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  "'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'"  *Int'l Nickel Co. v. Martin J. Barry, Inc.*, 204 F.2d 583, 586 (4th Cir. 1953) (affirming a district court's staying of a patent infringement case pending another federal court's determination on the validity of the patent in a previously filed suit) (quoting *Landis*, 299 U.S. at 254).

Staying the present action is necessary to ensure the "expeditious and comprehensive disposition" of this case.  Specifically, the issue of the validity of the copyright at issue may become *res judicata* as to Caraustar (Maryland) if Stockart's Motion to Set Aside Default is denied.  *See Morris v. Jones,* 329 U.S. 545, 550-51 (1947) ("'A judgment of a court having jurisdiction of the parties and of the subject matter operates as *res judicata*, in the absence of fraud or collusion, even if obtained upon a default.'") (quoting *Riehle v. Margolies*, 279 U.S. 218, 225 (1929)).  Moreover, should the default judgment in the North Carolina Action be set aside for lack of personal jurisdiction over Stockart, the Motion to Dismiss, Transfer, or Stay pending in this Court will become moot.  As a result, this action will be STAYED pending

4

resolution of the Motion to Set Aside Default in the North Carolina Action.

## **CONCLUSION**

For the reasons stated above, this Court will DENY Caraustar (Maryland and Ohio)'s Re-Submitted Motion to Dismiss or Transfer, and GRANT Caraustar (Maryland and Ohio)'s Re-Submitted Motion to Stay.  Stockart's Motion for Discovery is DENIED with leave to re-file, pending the outcome of the North Carolina Action.  Finally, Caraustar (Maryland and Ohio)'s Motion to Strike Plaintiff's Sur-Reply and Plaintiff's Motion for Leave to File Document 18 are MOOT.  A separate Order follows.


July 31, 2006                                              /s/
                                                          Richard D. Bennett
                                                          United States District Judge