IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STOCKART.COM, LLC, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB 05-2509 |
| CARAUSTAR CUSTOM PACKAGING GROUP, INC., *et al.*, | * | |
| | * | |
| Defendants. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Currently pending is Plaintiff Stockart.com, LLC's Motion for Leave to Take Early Discovery and Defendants Caraustar Custom Packaging Group (Maryland), Inc. and Caraustar Custom Packaging Group, Inc.'s Motion to Strike Paragraphs 14, 19, 20, & 21 of the Amended Complaint. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332, and 1338. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, Plaintiff's Motion for Leave to Take Early Discovery is GRANTED and Defendants' Motion to Strike Paragraphs 14, 19, 20, and 21 of the Amended Complaint is DENIED with respect to Paragraphs 14 and 19 and GRANTED with respect to paragraphs 20 and 21.

BACKGROUND

Plaintiff Stockart.com, LLC ("Plaintiff" or "Stockart") is a Colorado limited liability corporation engaged in online image licensing. (*See* Am. Compl. ¶ 7.) Defendant Caraustar Custom Packaging Group, Inc. ("Caraustar (Ohio)") is in the business of digital imaging and

package design.  (*Id*. at ¶ 11.)   Its subsidiary, Caraustar Custom Packaging Group (Maryland), Inc. ("Caraustar (Maryland)") manufactures and sells paper products.  (*Id*. at ¶ 12.)

Stockart alleges that Caraustar (Ohio) obtained possession of one of Stockart's copyrighted images, "Pizza Man Image JJ0A0602", on or about March 18, 2003.[1]  (*Id*. at ¶ 11.) Stockart contends that Caraustar (Ohio) distributed the copyrighted image to Caraustar (Maryland), who "produced" more than one million pizza boxes with a copy of the pizza man image on the boxes and then sold those boxes to Defendants Acme Paper & Supply Co., Inc. and John Does 1-500.  (*Id*. at ¶¶ 14-16.)  These unknown defendants and Acme allegedly re-sold the pizza boxes "to food establishments who used them to package pizza sold at retail to consumers."  (*Id*. at ¶ 14.)  Stockart represents that "[w]hen the names of said John Does are discovered, they will be properly named by amendment of this Amended Complaint."  (*Id*.)

The procedural history of this case is described in the Memorandum Opinion issued by this Court on August 1, 2006.  (*See* Paper No. 35 p. 2.)  In that Opinion, this Court stayed this action pending resolution of Stockart's Motion to Set Aside Default in the United States District Court for the Western District of North Carolina ("the North Carolina Action"). (*Id*. at pp. 4-5.)  On August 1, 2006, the Court in the North Carolina Action issued an order granting Stockart's Motion to Dismiss for Lack of Personal Jurisdiction.  (*See* Paper No. 37 Ex. A.)  Accordingly, on August 16, 2006, this Court granted Stockart's unopposed Motion to Lift Stay.  (*See* Paper No. 38.)

---

[1] Stockart represents that "[a]ll authorized publications of Plaintiff's work have been published with copyright notice" and "Plaintiff has registered its claims of copyright in and to the Pizza Man Image." (Am. Compl. ¶¶ 9-10.) Stockart attached to the Amended Complaint a copy of a Certificate of Registration, effective June 6, 2005, that the United States Copyright Office issued in connection with "Pizza Man Image #JJ0A0602". (*Id*. at Ex. A.)

On August 16, 2006, Stockart filed its Motion for Leave to Take Early Discovery. (Paper No. 41) On September 8, 2006, Caraustar (Maryland) and Caraustar (Ohio) filed their Motion to Strike Paragraphs 14, 19, 20, & 21 of the Amended Complaint. (Paper No. 44).

DISCUSSION

**I.      Motion for Leave to Take Early Discovery.**

Stockart requests leave to serve the following interrogatory on Caraustar (Maryland):

> Identify the name, and address, and telephone number of each person, firm, or entity to whom Caraustar (including its parent, divisions, or subsidiaries), have sold products bearing the pizza man image which is the subject of this case, and state the type and number of units of products sold, and the price paid in respect of each such product.

(Paper No. 41 p. 1.) The purpose of this discovery is to identify and bring into this action the Defendants that are currently named in the Amended Complaint as John Does 1-500. (*Id*.)

As a preliminary matter, it appears that John Does 1-500 may be liable to the extent that they distributed Stockart's copyrighted "pizza man" image without authorization. First, there is no question that the unauthorized distribution of a copyrighted work constitutes copyright infringement. *See*, *e.g.*, *Hotaling v. Church of Jesus Christ of Latter-Day Saints*, 118 F.3d 199, 203 (4th Cir. 1997) ("[D]istributing unlawful copies of a copyrighted work does violate the copyright owner's distribution right and, as a result, constitutes copyright infringement."). Second, Plaintiff notes that the Supreme Court in *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228 (1952) clearly established that distributing unlawful copies of a copyrighted work constitutes copyright infringement even where a party is *unaware* that he is distributing matter that infringes on another's copyright. In that decision, Woolworth purchased sculptures of

3

cocker spaniels from a third party. Notwithstanding Woolworth's lack of knowledge that the sculptures had been copied, the Supreme Court found Woolworth to be liable for direct infringement by the mere fact that Woolworth marketed and sold the sculptures. *Id*. at 229 ("Unbeknown to Woolworth, these dogs had been copied from respondent's and by marketing them it became an infringer.");[2] *see also* 4 Nimmer § 13.08 ("In actions for statutory copyright infringement, the innocent intent of the defendant will not constitute a defense to a finding of liability.") (footnote and citations omitted).

This Court notes that the Caraustar entities do not oppose early discovery in principle, just the particular discovery sought in this case:

> Caraustar opposes Plaintiff Stockart.com's Motion for Leave to Take Early Discovery, *not because Caraustar is opposed to early discovery*, but because Caraustar is opposed to the disclosure of the highly-confidential information sought by Stockart.com before the entry of an appropriate protective order, and because Caraustar is opposed to Stockart.com's intended use of that highly-confidential information.

(Paper No. 45 (emphasis added).) This Court finds that the Caraustar entities have failed to support their objections to the discovery sought by Stockart. First, Caraustar does not explain how the information sought "would violate the terms of any protective order entered in this

---

[2] The *Woolworth* decision remains binding precedent upon this Court. *See King Records, Inc. v. Bennett*, 438 F. Supp. 2d 812 (M.D. Tenn. 2006) (applying *Woolworth*); *Rogers v. Koons*, 777 F. Supp. 1 (S.D.N.Y. 1991) (same), *aff'd*, 960 F.2d 301 (2d Cir.), *cert. denied*, 506 U.S. 934 (1992). Although the *Woolworth* decision has been cited numerous times by the United States Court of Appeals for the Fourth Circuit and United States District Courts within the Fourth Circuit, it has never been cited for the proposition that distributing unlawful copies of a copyrighted work constitutes copyright infringement even where a party is unaware that he is distributing matter that infringes on another's copyright. *See*, *e.g.*, *Superior Form Builders, Inc. v. Dan Chase Taxidermy Supply Co., Inc.*, 74 F.3d 488, 496 (4th Cir. 1996) (citing *Woolworth* for the proposition that "recovery is not limited to gross profit from infringement; court may consider all facts"), *cert. denied*, 519 U.S. 809 (1996).

case." (*Id*. at p. 4.)  Second, without citing any support, Caraustar claims that Stockart's motion is improper because "[i]f there is any liability stemming from use or sales of products bearing the pizza-man image by Caraustar's customers, that liability would likely revert back to Caraustar." (Paper No. 45 p. 3.)  However, as noted above, Stockart appears to have correctly pointed out that John Does 1-500 may be directly liable to the extent that they distributed the copyrighted "pizza man" image without authorization.  It follows that any resulting liability would be jointly and severally shared between Caraustar (Maryland) and John Does 1-500.[3]

In sum, Plaintiff's motion for early discovery appears appropriate in light of *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228 (1952).  Moreover, Defendants Caraustar (Maryland) and Caraustar (Ohio) do not object to early discovery in principle and this Court rejects Caraustar's other objections to the discovery sought by Stockart.  Accordingly, Plaintiff's Motion for Leave to Take Early Discovery is GRANTED.[4]

---

[3]   As one treatise points out:

> Where two or more persons have joined in or contributed to a single infringement of a single copyright, they are all jointly and severally liable. . . . Suppose, further, that D without authority distributed the plaintiff's motion picture to A, B, and C.  Although A, B, and C are not jointly or severally liable each with the other, D will be jointly and severally liable with each of the others.  There will, therefore, be three sets of statutory damages which may be awarded, as to each of which D will be jointly liable for at least the minimum of $250.  However, D's participation will not create a fourth set of statutory damages.

4 Nimmer § 14.04[E][2][d] (footnotes and citations omitted).

[4]   This Court has considered Plaintiff's request for attorney's fees.  (*See* Paper No. 47 p. 8.)  That request, however, is DENIED.

## II.     Motion to Strike Paragraphs 14, 19, 20, & 21 of the Amended Complaint.

Defendants Caraustar (Maryland) and Caraustar (Ohio) move to strike a portion of paragraph 14, and the entirety of paragraphs 19-21 of the Amended Complaint. (*See* Paper No. 44.) These paragraphs concern pre-litigation discussions between the parties and the basis for Caraustar's decision to initiate the North Carolina Action. (*See* Am. Compl. ¶¶ 14, & 19-21.) The Caraustar entities object to these paragraphs because they "allege actions that are outside the scope of the copyright dispute and are highly and unreasonably prejudicial towards Caraustar." (*Id.* at p. 2.)

As the parties' papers acknowledge, motions to strike pleadings or a portion thereof are governed by Fed. R. Civ. P. 12(f).[5] The Fourth Circuit has noted that motions brought under this Rule are typically disfavored:

> Rule 12(f) motions are generally viewed with disfavor "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." 5A A. Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380, 647 (2d ed.1990).

*Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001); *see also Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 664-65 (7th Cir. 1992) (noting that allegations may be stricken under Rule 12(f) if the matter bears no possible relation to the controversy or may cause the objecting party prejudice).

---

[5]     Fed. R. Civ. P. 12(f) provides:

> **Motion to Strike.** Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

This Court will deny Defendants Caraustar (Maryland) and Caraustar (Ohio)'s motion with respect to the relevant portion of paragraph 14 and paragraph 19.  Based on the present record, this Court cannot state with certainty that the conduct alleged in these paragraphs bears no possible relation to Stockart's claim for willful infringement under 17 U.S.C. § 504(c).  In addition, to the extent that these allegations are directed at Stockart's request for an award of punitive damages under 17 U.S.C. § 504, the parties have not addressed the matter of punitive damages in sufficient detail.[6]  This Court will, however, grant Caraustar's motion with respect to paragraphs 20 and 21.  These paragraphs contain allegations that have no bearing on the controversy that is presently before this Court and are based exclusively on the North Carolina Action, *e.g.*, "Caraustar Maryland, backed by a billion dollar company, commenced the law suit in North Carolina to harass Plaintiff. . . ."  (Am. Compl. ¶ 21.)  This Court notes that Stockart did not appear in the North Carolina Action until after an entry of default was issued in that case.  In sum, this Court finds that Paragraphs 20 and 21 are immaterial and impertinent under Fed. R. Civ. P. 12(f).  Accordingly, Caraustar (Maryland) and Caraustar (Ohio)'s Motion to Strike is DENIED with respect to the relevant portion of Paragraph 14 and Paragraph 19 and GRANTED with respect to Paragraphs 20 and 21 of the Amended Complaint.[7]

---

[6] Caraustar does not address whether punitive damages are appropriate under 17 U.S.C. § 504.  In addition, the case relied on by Plaintiff for the proposition that punitive damages are available under § 504—*TVT Records v. Island Def Jam Music Group*, 262 F. Supp. 2d 185 (S.D.N.Y. 2003)—has been limited by other courts.  *See*, *e.g.*, *Calio v. Sofa Express, Inc.*, 368 F. Supp. 2d 1290, 1291 (M.D. Fla. 2005); *see also* 4 Nimmer § 14.02[C][2].  Finally, neither party addresses the extent to which the United States Court of Appeals for the Fourth Circuit has considered this matter.  *Cf. Nintendo of Am., Inc. v. Aeropower Co.*, 34 F.3d 246, 251 (4th Cir. 1994); *Superior Form Builders*, 74 F.3d at 496-97.

[7] This Court rejects Stockart's argument that the Caraustar entities have waived their right to file a motion to strike under Fed. R. Civ. P. 12(g).  The record reflects that Caraustar has not filed a prior motion under Rule 12.  (*See* Paper Nos. 10 & 28 (requesting that this Court dismiss, stay, or transfer this action based on principles of federal comity).)

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Leave to Take Early Discovery is GRANTED and Defendants's Motion to Strike Paragraphs 14, 19, 20, and 21 of the Amended Complaint is GRANTED-IN-PART and DENIED-IN-PART. A separate Order follows.


Dated: October 17, 2006                         /s/
                                                Richard D. Bennett
                                                United States District Judge